# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV559 JAR |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, brought this action under 42 U.S.C. § 1983 alleging that he was sanctioned for possessing typewriter ribbons. Plaintiff has incurred three strikes under 28 U.S.C. § 1915(g), and the Court ordered plaintiff to pay the full amount of the filing fee because there were no allegations suggesting that he was in serious danger of imminent physical injury. Plaintiff has since filed an amended complaint, in which he alleges that he has large blood clots in his legs that are threatening his health. The Court finds that these allegations are sufficiently serious to warrant granting plaintiff in forma pauperis status. Accordingly, the Court will permit this action to go forward, and the Court will review the amended complaint under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Amended Complaint**

Plaintiff's amended complaint is brought pursuant to § 1983. Named as defendants are George Lombardi (Director, Missouri Department of Corrections), Michael Bowersox (Warden, South Central Correctional Center ("SCCC")), Roger Terry (Deputy Warden, SCCC), Unknown Lee (Correctional Officer, SCCC), Keneth Leeder (C.C.M., SCCC), Walter Foster, Jr. (Correctional Officer, SCCC), J. Allen (same), Dustin Donahs (same), M. Abbott (same), Mary Ann Phillippi (C.C.A.,

SCCC), Michele Buckner (Assistant Warden, SCCC), Randy Link (Functional Unit Manager, SCCC), Sondra Booker (Litigation Officer, SCCC), Charles Scott (Physician, SCCC), Unknown Eyman (Psychiatrist, SCCC), Unknown Davis (Psychotherapist, SCCC), Jane Doe, Unknown Welch (Correctional Officer, SCCC), R. Bee (same), Unknown Price (same), and Brent Carter (same).

Plaintiff was transferred to SCCC on June 21, 2011. (For the purposes of this Memorandum and Order, the Court accepts the non-conclusory allegations in the complaint as true.) When plaintiff was initially examined by defendant Scott, Scott told plaintiff he would put plaintiff in administrative segregation if plaintiff asked for soap or lotion for his skin problem. Scott had been made aware that plaintiff was suing a doctor at a different prison. Scott refused to continue any of plaintiff's previous prescriptions or lay-ins, including a lay-in for no prolonged standing. As a result, plaintiff was made to stand in long lines, which aggravated his arthritis.

Plaintiff says defendant Allen gave him a false conduct violation because plaintiff had asked to bypass the line to receive medications. Allen put plaintiff in administrative segregation, and defendants Foster and Terry approved of the assignment. Plaintiff alleges that Foster and Terry did so in retaliation for plaintiff having previously filed a grievance against Terry.

Defendant Abbot gave plaintiff a conduct violation for possessing typewriter ribbons, because they are contraband. Plaintiff says the law library requires inmates to supply their own ribbons.

Defendant Leeder placed plaintiff in administrative segregation because of issues with bed space. Plaintiff complained to defendants Booker, Buckner, Bowersox, Lombardi, and Terry about the placement, but defendants either did not respond to plaintiff or they denied his grievances.

Plaintiff alleges that defendant Lee read his legal mail and stole a pen from him. Lee took plaintiff's dinner from him that night "to punish [plaintiff] for passing . . ."

Leeder ordered that plaintiff's typewriter ribbons be destroyed because plaintiff did not have a typewriter. Plaintiff says that his typewriter ribbons were taken away because defendants wanted to cause him to miss court deadlines.

The events described above occurred in June 2011.

In March 2012 plaintiff was assigned to administrative segregation. Plaintiff asked defendant Eyman to help him get out. Eyman told plaintiff she could not get involved in his placement.

Plaintiff claims that on March 26, 2012 he suffered "two strokes associated with [his] heart." Plaintiff also says that "three golf ball size blood clogs [*sic*] appeared in [his] right lower leg." Plaintiff says one of the doctors recommended that plaintiff get

outside medical care but that defendant Scott refused to allow him to be treated. Plaintiff alleges that the blood clots are very painful.

## Discussion

The Court believes that plaintiff's allegations regarding his medical condition are sufficiently serious to permit plaintiff to proceed in form pauperis. And the Court finds that plaintiff's claims against Scott survive review under 28 U.S.C. § 1915(e). As a result, the Court will order the Clerk to issue process on Scott.

Rule 18(a) of the Federal Rules of Civil Procedure provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid.

The instant action, however, presents a case involving multiple claims against multiple defendants. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, the Court notes that in litigation involving prisoners, "[u]nrelated claims against different defendants belong in different suits . . . [in part] to ensure that prisoners pay the required filing fees–for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

Plaintiff's claims against Scott are wholly unrelated to his claims against the other defendants, and the allegations against the other defendants did not arise out of the same transactions and occurrences as those involving Scott. As a result, the Court will dismiss the remaining defendants from this action without prejudice due to improper joinder.

### Class Certification

Plaintiff has filed a motion for class certification. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). As a result, the motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion requesting service of process [Doc. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for class certification [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Charles Scott.[1]

---

[1] A waiver letter should be mailed to Corizon.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Scott shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the remaining defendants.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of May, 2012.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE